Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff, on behalf of herself
and those similarly situated*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TREMAINE K. WATKINS, *on behalf of herself and those similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC; and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Tremaine K. Watkins, individually and on behalf of all others similarly situated, by way of Complaint against Defendant, Nationwide Debt Management Solutions, LLC; and John Does 1 to 10, says:

### I.    NATURE OF THE ACTION

1.    This action for damages arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.   PARTIES

4. Plaintiff, Tremaine K. Watkins ("Plaintiff" or "Watkins"), is a natural person.

5. At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey and resided in Bergen County, New Jersey.

6. Defendant Nationwide Debt Management Solutions, LLC ("Defendant" or "NDMS") is a collection agency located at 3609 Bradshaw Road, Suite H-229, Sacramento, CA 95827.

7. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTS

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. The principal purpose of Defendant is the collection of defaulted debts.

11. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

12. NDMS has stated on its website, http://www.nationwidedms.com/#!about/cgvz (last visited Dec. 8, 2015), that:

> Nationwide Debt Management Solutions is a full service, compliance-driven collection agency and Master Servicer. With over a decade of experience, we have been rewarded with repeated success in finding the right fit for our clients' respective needs. Whether you are looking to acquire bad debt portfolios or are in need of assistance with your sales and outsourcing, we are here to help. The agencies in our network are truly specialists. With over 3000 Collection Professionals in our network, Nationwide will find the right solution for your specific need. We specialize in all phases of collection, from Frontline collection efforts all the way through litigation and post-judgment enforcement. Our network is nationally licensed and we are proud of our national "flat rate" attorney network. We welcome the opportunity to work with you to find the solutions that fit your specific collection and portfolio needs.

13. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation arising out of a Care Credit account. ("Debt" or "Account").

14. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

15. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

16. The Account was past-due and in default when it was purchased by NDMS pennies on the dollar or assigned to NDMS for collection.

17. At all times relevant hereto, NDMS acted in an attempt to collect the Debt.

### V.   FAILURE TO NAME THE CURRENT CREDITOR

18. In an attempt to collect the Debt, NDMS mailed a collection letter to Plaintiff on April 14, 2015 ("NDMS Letter").

19. A true copy of the NDMS Letter, but with redactions, is attached as **Exhibit A**.

20. On information and belief, the letter is a mass-produced, computer-generated, form letter that is prepared by the NDMS and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

21. Plaintiff received and reviewed the NDMS Letter.

22. The NDMS Letter fails to state the name of the current creditor to whom the debt is owed.

23. Upon receiving and reviewing the NDMS Letter, Plaintiff, as would the least sophisticated consumer, was uncertain as to whom the Debt was owed.

24. NDMS used the same procedures it used in sending the NDMS Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

25. During the period from one year before Plaintiff's Complaint was filed to the present, NDMS sent letters the same or similar to the Nationwide Letter to numerous New Jersey consumers in an attempt to collect a debt.

26. It is NDMS's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which failed to name the identity of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).[1]

### VI.   ATTEMPTING TO COLLECT UNLAWFUL INTEREST

27. Defendant is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Licensed Lenders Act ("NJLLA") or any other State consumer lending statute. Bank Licensee Search of the Defendant, conducted on December 9, 2015 on the

---

[1] *See also Wong v. Phelan Hallinan & Diamond, PC*, No. 14-3252-ES, 2015 U.S. Dist. LEXIS 82986 (D.N.J. June 25, 2015); *Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp. 2d 564 (D.N.J. 2012).

website (https://www20.state.nj.us/DOBI_LicSearch/bnkSearch.jsp) of the Department of Banking & Insurance, State of New Jersey returned no results.[2]

28. NDMS is not permitted to engage in the "consumer loan business" since it did not first obtain a license pursuant to the NJLLA.[3]

29. NDMS is not permitted to charge interest in the State of New Jersey.

30. NDMS has no statutory or contractual right to assess any additional interest or amount on the Account.

31. NDMS has no statutory or contractual right to collect any interest from the Plaintiff on the Debt.

32. NDMS has no statutory or contractual right to collect any additional amounts from Plaintiff on the alleged Debt.

33. The NDMS Letter states the principal balance is $1,136.94, interest of $74.76, resulting in a total account balance of $1,211.70.

34. Defendant unlawfully added interest and/or other collection charges to Plaintiff's Account after the Debt was charged off and sold by the original creditor.

35. Defendant used the same procedures used in inflating the amount owed and attempting to collect amounts from Plaintiff not allowed by law to numerous other New Jersey consumers.

36. During the period from one year before the initial Complaint was filed to the present, Defendant used the same unlawful procedures in an attempt to collect debts from numerous New Jersey consumers.

---

[2] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq*.
[3] *See* N.J. Stat. Ann. § 17:11C-2 to -3.

37. It is the Defendant's policy and practice to inflate the account balances by unlawfully charging interest, as described above, in an attempt to collect alleged consumer debts, and in an attempt to collect more than what is contractually and lawfully owing; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

### VII. FAILURE TO DISCLOSE ACCURAL OF INTEREST

38. Although the NDMS Letter states that the total balance is $1,211.70, Defendant failed to disclose that the balance was accruing interest on a daily basis which the Defendant would attempt to collect in the future.

39. The NDMS Letter does not state when the current balance was last calculated and does not disclose that, since the Account is continuing to accrue interest, the balance might be greater on the later date Plaintiff makes a payment.

40. The NDMS Letter fails to disclose that Defendant would be attempting to collect the additional interest which continues to accrue.

41. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest because there was no disclosure that the balance would continue to accrue interest.

42. The NDMS Letter failed to clearly and accurately state the amount of the debt as required by the FDCPA.

43. Defendant used the same procedures used in failing to inform Plaintiff that the Account was continuing to accrue interest and that the balance stated in the NDMS Letter was not a static amount in their attempts to collect debts from numerous other New Jersey consumers.

44. During the period from one year before this Complaint is filed to the present, Defendant used the same unlawful procedures in their attempts to collect debts from numerous New Jersey consumers.

45. It is the Defendant's policy and practice to fail to disclose that the balances are continuing to accrue interest and the balances stated in the letters are not a static amount; which is an unfair, unconscionable, false, deceptive and misleading practice violative of the FDCPA.

## VIII.   CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> All consumers residing in the State of New Jersey, to whom Defendant sent a collection letter, which was (a) was dated within one year prior to December 9, 2015, (b) was seeking to collect a consumer debt allegedly arose out of a Care Credit account, and
>
> Current Creditor Class: did not disclose the name of the creditor to whom the debt was owed.
>
> Interest Class: included a demand for interest accrued after the alleged debt was charged off and/or failed to disclose that the alleged accounts were continuing to accrue interest.

48. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

49. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

50. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   A. Whether Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to state the name of the creditor to whom the debt was owed;

   B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692g(a)(1) by falsely representing the amount of the alleged debts, by inflating the amount of the alleged debts without any statutory or contractual authority to do so, or by attempting to collection amounts not permitted by law;

   C. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(1) by failing to disclose that the balances were accruing interest, by failing to itemize and identify which amounts were principal, interest and fees; by failing to clearly and accurately state the amount of the alleged debts;

   D. Whether Plaintiff and the Class are entitled to statutory damages.

   E. Whether Plaintiff and the Class are entitled to actual damages.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

52. Plaintiff's claims are typical of the claims of the members of the Class.

53. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

54. Plaintiff does not have interests antagonistic to those of the Class.

55. The Class, of which Plaintiff is a member, is readily identifiable.

56. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

57. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

58. Plaintiff does not anticipate any difficulty in the management of this litigation.

### IX.   COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

60. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

61. The debts alleged to be owed by Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

62. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

63. The NDMS Letter, copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

64. The letters, which are the same or similar in form to Exhibit A, sent by Defendant to New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

65. The letters that are the same and similar in form to the letter attached as Exhibit A were the initial written communications sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the debts.

66. Defendant's use of the written communication in the form attached as Exhibit A sent to Plaintiff and those similarly situated, violated the FDCPA in one or more of the following ways:

    a. Defendants used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;

    b. Defendants falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Defendants threatened and actually took an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Defendants used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10);

    e. Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

    f. Defendants attempted to collect amounts not expressly authorized by the agreement creating the alleged debts or permitted by law, in violation of 15 U.S.C. § 1692f(1);

    g.    Defendants failed to clearly and accurately state the amount of the alleged debts, in violation of as required 15 U.S.C. § 1692g(a)(1);

    h.    Defendant failed to state the name of the creditor to whom the deb t was owed, in violation of 15 U.S.C. § 1692g(a)(2).

67.    The violations of the FDCPA described herein constitute *per se* violations.

68.    Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## X.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tremaine K. Watkins, on behalf of herself and others similarly situated, demands judgment against Defendant, Nationwide Debt Management Solutions, LLC, as follows:

    A.    For certification of this instant matter as a class action, appointing the named Plaintiff as a representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

    B.    For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

    C.    For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    D.    For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

    E.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

    F.    For pre-judgment and post-judgment interest; and

    G.    For such other and further relief as the Court deems equitable and just.

## XI.     JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## XII.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 9, 2015

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
KIM LAW FIRM LLC
*Attorneys for Plaintiff on behalf of herself and those similarly situated*